DANIEL C. COHEN, AZ # 032552
**COHEN & MIZRAHI LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arian de la Torre Hernandez, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |
| v. | |
| Equifax Information Services, LLC, | <u>**DEMAND FOR JURY TRIAL**</u> |
| Defendant. | |

Plaintiff Arian de la Torre Hernandez ("Plaintiff") brings this action on an individual basis, and asserts claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA), seeking statutory and other damages against defendant Equifax Information Services, LLC ("Equifax" or "Defendant") alleging, upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1.      Defendant Equifax has been reporting information about Plaintiff's consumer background to numerous credit companies and persons, including information concerning Plaintiff's account issued by non-defendant Bank of America ("BANA").

2.      Plaintiff disputed the information reported by Equifax concerning the BANA account as inaccurate, which triggered Equifax's statutory obligations under the FCRA to conduct an investigation, mark the account as disputed, and update the reporting as necessary.  Equifax, however, failed to do so.

3.      Equifax thus violated the express provisions of the FCRA.   Upon receiving a consumer's dispute, credit reporting agencies (such as Equifax) are legally required to conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute and update the reporting as necessary with a notation marking the disputed account as disputed.

4.      Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Equifax reports, and has been forced to deal with aggravation and humiliation of credit denial and a poor credit score.  Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because Defendant conduct and continue to conduct a substantial and significant amount of business in this

1   District, and a substantial portion of the conduct complained of herein occurred in this District,

2   Defendant is subject to personal jurisdiction in this District.

3                                               **PARTIES**

4          7.      Plaintiff is a resident of Glendale, Arizona, and qualifies as a "consumer" as defined

5   and protected by the FCRA.  *See* 15 U.S.C. § 1681a(c).  Plaintiff is an individual and not an entity.

6          8.      Defendant Equifax Information Services, LLC is a consumer reporting agency that

7   regularly conducts business in this judicial district.  Equifax has a principal place of business located

8   at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of Arizona,

9   and may be served with process upon The Corporation Service Company, its registered agent for

10  service of process at 8825 N 23rd Avenue, Suite 100, Phoenix, AZ 85021.  Defendant Equifax

11  Information Services, LLC, is a subsidiary of Equifax, Inc.  Equifax qualifies as a "consumer

12  reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer

13  background reports for remuneration to third parties.

14                                    **SUBSTANTIVE ALLEGATIONS**

15  **The FCRA**

16         9.      The FCRA is a federal statute designed to protect consumers from the harmful effects

17  of inaccurate information contained their consumer credit reports.  Thus, Congress enshrined the

18  principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting

19  agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.

20  See 15 U.S.C. 1681a.

21         10.     To that end, the FCRA imposes the following twin duties on consumer reporting

22  agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of

23  information when preparing consumer reports, and set up reasonable procedures to maintain

24  compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances

25  surrounding a consumer's dispute, mark the disputed accounts as disputed, and timely update any

26  inaccuracies.

27

28

11. Plaintiff has a legally protected interest in Equifax fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Equifax Violated the FCRA and Damaged Plaintiff**

12. Equifax has been selling credit reports related to Plaintiff containing inaccurate balance and past due information concerning Plaintiff's account issued by non-defendant BANA.

13. On April 29, 2020, Plaintiff disputed the erroneous reporting by submitting a written dispute through Equifax's FCRA compliance division.

14. The receipt of Plaintiff's dispute letter triggered Equifax's obligations to conduct an investigation, mark the account as disputed and update the reporting as necessary.

15. Defendant, however, failed to conduct an investigation, mark the account as disputed and update the reporting as necessary.

16. Plaintiff was later denied an extension of credit based on information contained in his Equifax report.

17. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

18. Accordingly, Plaintiff is entitled to damages.

**CAUSES OF ACTION**

**COUNT I**

**Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

19. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

20. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

21.     Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> . . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer*, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. §1681i(a)(1) (emphasis added).

22.     Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> *Before the expiration of the 5-business-day period* beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C. §1681i(a)(1) (emphasis added).

23.     Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.  Although Plaintiff disputed the inaccurate information in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, mark the disputed account as disputed and update the account as necessary.

24.     Equifax's willful and/or negligent failure to follow reasonable policies and procedures to meet its obligations under the FCRA was a direct and proximate cause of Plaintiff's injury.

25.     As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A.     awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B.    awarding attorney's fees and costs, and other relief; and

C.    awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

DATED: October 30, 2020                    Respectfully submitted,

**COHEN & MIZRAHI LLP**

/s/ Daniel Cohen
_____

Daniel C. Cohen, AZ # 032552
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal

*Attorneys for Plaintiff*

COMPLAINT